UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 1:22cv22344

MTN Labs LLC, a Florida limited liability company,

    Plaintiff,

v.

Joni Niemela, an individual,

    Defendant.
_____/

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, MTN Labs LLC, a Florida limited liability company ("Alaimo") under penalty of perjury files this complaint seeking a declaratory judgment against Defendant Joni Niemela ("Niemela") and other relief pursuant 28 U.S. Code § 2201, and alleges as follows:

### PARTIES, JURISDICTION, VENUE

1. This is an action for declaratory relief pursuant to 28 U.S. Code § 2201 to determine Defendant's right to claim damages against Plaintiff for alleged copyright infringement despite a lack of notice of infringement, immediate compliance with Defendant's demand to stop use of the work, and no sales or profits were generated (or even intended to be generated) by the use of the work.

2. This Complaint seeks redress to prevent the photographer, Niemela, from forcing Alaimo into paying damages, fees and costs not in accordance with any applicable copyright laws.

3. The Plaintiff has suffered injury-in-fact that is concrete and actual or imminent because Alaimo has received a demand letter for damages totaling up to $4,315.35 for alleged copyright infringement, and has incurred attorney's fees to respond to such demand.

4. Plaintiff, Alaimo, is a Florida limited liability company with its principal place of business in Miami, Florida.

5. Alaimo is in the consulting business and sells certification courses.

6. Diego Alaimo is the sole manager of the company and is a U.S. permanent resident with citizenship in Argentina.

7. Defendant, Niemela, is an individual whom upon information and belief, is a resident of Finland and is otherwise *sui juris*.

8. This Court has jurisdiction pursuant to 28 U.S. Code § 1338 and 28 U.S. Code § 1331 as Plaintiff's claims are related to copyright law and this Court has jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

9. Venue is proper in this District under 28 U.S. Code § 1391 because a substantial part of the events or omissions giving rise to the claims occurred from this District.

10. The Plaintiff has no alternative but to seek the intervention of this Court and request the Court grant relief in this matter.

11. Plaintiff has retained the undersigned law firm and is obligated to pay them reasonable attorney's fees.

12. Plaintiff seeks to recover attorney's fees and costs as may be available by law.

13. All conditions precedent have occurred, have been performed, or waived.

## GENERAL ALLEGATIONS

14. Alaimo is in the business of selling certification courses and promotes these courses on its website.

15. Alaimo inadvertently used a photo (the "Photo") on the blog section of its website as no copyright mark was included on the Photo.

16. The photo was not being used on Alaimo website to sell any products, but rather as a background for a webpage.

17. Niemela alleges that Alaimo had notice of the alleged infringement by way of e-mails sent from Defendant's attorney, however Alaimo was only in receipt of the third e-mail sent by said attorney since the first two notices were automatically diverted to Alaimo's spam/junk email folder.

18. After receiving e-mail notice, Alaimo immediately complied with Defendant's demand to remove the photo.

19. Niemela claims that he is the copyright owner of the Photo, however, the only evidence of his ownership of the Photo that was provided was the bald statement of his attorney in the demand letter.

20. Alaimo retained counsel and has filed this Complaint since Niemela continues to claim damages of over $4,000 against Alaimo although no damages are due under copyright law.

## COUNT I - DECLARATORY RELIEF

21. Plaintiff re-alleges, incorporates, and asserts by reference the allegations set forth in paragraphs 1–20.

22. Despite complying with Defendant's demand to remove the photo, Alaimo has been threatened with a lawsuit in Germany unless it paid monies to Defendant.

23. There has been no basis of law for claiming damages for the benign use of the photo on Alaimo's webpage without notice of infringement, however Defendant has continued to pressure Alaimo into paying monetary damages.

24. Plaintiff, Alaimo, has a bona fide, actual, present practical need for declaration.

25. The declaration concerns present, ascertained, or ascertainable state of facts or present controversy as to a state of facts. Specifically, it is controverted whether Defendant, Niemela, has a right to claim monetary damages from Alaimo under copyright law.

26. An immunity, power, privilege, or right of the complaining party is dependent upon the facts or the law applicable to the facts.

27. Plaintiff has, or reasonably may have, an actual, present, adverse, and antagonistic interest in the subject matter, either in fact or law.

28. The antagonistic and adverse interest are all before the court by proper process or class representation.

29. The relief sought is not merely giving of legal advice or the answer to questions propounded for curiosity, but for a declaration of rights afforded to Alaimo under the Berne Convention and U.S. Copyright law.

**WHEREFORE** the Plaintiff Alaimo respectfully seeks from this Court a declaration that: pursuant to the Berne Convention and U.S. copyright law, Alaimo is not required to pay monetary damages to Defendant.

Dated: July 26, 2022                    Respectfully Submitted,

**AINSWORTH + CLANCY, PLLC**
801 Brickell Ave., 8th floor
Miami, Florida 33131
Telephone: (305) 600-3816
Facsimile: (305) 600-3817
*Counsel for Plaintiff*

By:   /s Ryan Clancy
Ryan Clancy, Esq.
Florida Bar No. 117650
Email: ryan@business-esq.com

5