UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22344-CIV-ALTONAGA/Torres

**MTN LABS LLC**,

    Plaintiff,

v.

**JONI NIEMELA**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon Plaintiff, MTN Labs LLC's Renewed Motion for Entry of Default Final Judgment Against Joni Niemela [ECF No. 18], filed on November 15, 2022. Plaintiff asks the Court to declare (1) that Plaintiff has acceded to Defendant, Joni Niemela's demand to remove an image from its website; and (2) that Plaintiff is not liable under United States Copyright law for any monetary damages to Defendant. (*See* Mot. ¶ 3).

A Clerk's default was entered against Defendant on October 27, 2022 [ECF No. 12], because Defendant failed to answer or otherwise plead to the Complaint [ECF No. 1], despite having been served. The Court has carefully considered the Motion, the record in this case, and the applicable law, and it concludes that a default final judgment is justified.

### I. BACKGROUND

Plaintiff operates a website that sells various certification courses. (*See* Compl. ¶ 14). Defendant is a photographer. (*See id*. ¶ 2). Plaintiff's website includes a blog section that inadvertently featured one of Defendant's photos — a "benign photo of the woods" with no copyright mark. (Mot. ¶¶ 9–10). The photo merely served as background for the blog section;

CASE NO. 22-22344-CIV-ALTONAGA/Torres

Plaintiff did not use it to pitch any particular product. (*See* Compl. ¶¶ 15–16).

Plaintiff did not know Defendant had copyrighted the photo or that it could not use it on its website. (*See* Mot., Attach. 1, Alaimo Aff. [ECF No. 18-1] ¶ 8). That changed when Defendant's counsel contacted Plaintiff via email. (*See id*. ¶ 10). Defendant's counsel sent Plaintiff three emails, the first two of which went to Plaintiff's spam folder. (*See id*.). Plaintiff received the third email, however, and immediately took the photo down. (*See id*. ¶¶ 10–11). Defendant nonetheless claims damages of over $4,000.00 against Plaintiff under copyright law. (*See id*. ¶ 13).

On July 27, 2022, Plaintiff filed a Complaint seeking declaratory relief. (*See generally* Compl.). It requests a judgment declaring that pursuant to the Berne Convention and U.S. copyright law, Plaintiff is not required to pay monetary damages to Defendant and had fair use of the photo. (*See id*.). Defendant failed to respond to the Complaint. Plaintiff now seeks final default judgment against Defendant. (*See generally* Mot.).

## II. LEGAL STANDARD

"Rule 55 of the Federal Rules of Civil Procedure provides a two-step process for obtaining a default judgment." *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504 (2d Cir. 2011). First, under Federal Rule 55(a), the plaintiff must obtain a clerk's entry of default. *See* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."). Second, under Rule 55(b), the plaintiff may apply for entry of default judgment by the clerk "[i]f the plaintiff's claim is for a sum certain," or by the court "[i]n all other cases." Fed. R. Civ. P. 55(b)(1), (2) (alterations added).

By failing to answer the Complaint, a defendant is deemed to have admitted the factual allegations in the Complaint. *See Greyhound Exhibitgroup v. E.L.U.L. Realty Corp.*, 973 F.2d

2

155, 158 (2d Cir. 1992) ("[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability[.]" (alterations added)); *Rolex Watch, U.S.A., Inc. v. Pharel*, No. 09-cv-4810, 2011 WL 1131401, at *2 (E.D.N.Y. Mar. 11, 2011), *report and recommendation adopted*, No. 09-cv-4810, 2011 WL 1130457 (E.D.N.Y. Mar. 28, 2011) ("In considering a motion for default judgment, the court will treat the well-pleaded factual allegations of the complaint as true, and the court will then analyze those facts for their sufficiency to state a claim." (citation omitted)). Before entering default judgment, the Court must review the allegations to determine whether a plaintiff has stated a valid claim for relief. *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

### III. DISCUSSION

Plaintiff's only claim in this litigation is for declaratory relief. (*See generally* Compl.). It asks the Court to declare that its use of the photo constituted "fair use." (*Id.*). Applying U.S. copyright law, the Court concludes that the undisputed facts of this case admitted by virtue of Defendant's default entitle Plaintiff to a final judgment.

The Copyright Act "provides that a copyright holder may not prevent another person from making a 'fair use' of a copyrighted work." *Google LLC v. Oracle Am., Inc.*, 141 S. Ct. 1183 (2021) (citation omitted). The fair use test, governed by 17 U.S.C. section 107, involves multiple factors that the Court must weigh to determine whether use of a copyrighted work was fair under the law. Section 107 provides:

> In determining whether the use made of a work in any particular case is a fair use the factors to be considered include–
>
> > (1) the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
> >
> > (2) the nature of the copyrighted work;

> (3) the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4) the effect of the use upon the potential market for or value of the copyrighted work.

17 U.S.C. §§ 107(1)–(4).

The first prong weighs strongly in favor of fair use. Here, the "inquiry into 'the purpose and character' of the use turns in large measure on whether the copying at issue was 'transformative,'" *i.e.*, whether it 'adds something new, with a further purpose or different character." *Google LLC*, 141 S. Ct. at 1188 (citing *Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 579 (1994)). Plaintiff used the photo as a background image for a blog section of its website, not for financial gain. (*See* Compl. ¶¶ 15–16). The non-profit nature of this application is consistent with fair use.

The second factor does not weigh strongly in either direction. The Court cannot determine whether the photo's nature merits protection because Defendant has been unresponsive. The photo is not marked as copyrighted, nor did Defendant's emails furnish evidence of copyright protection. (*See id*. ¶¶ 15, 19). It is thus unclear whether the photo has already been published, or whether this is an unpublished work. *See Byrne v. Brit. Broad. Corp.*, 132 F. Supp. 2d 229, 235 (S.D.N.Y. 2001) (explaining that previously released works, even if creative in nature, qualify for "far less protection against fair use" than unreleased works under the second factor (citation and quotation marks omitted)). Accordingly, the Court weighs the second factor neutrally.

The third factor concerns "the amount and substantiality of the portion used in relation to the copyrighted work as a whole[.]" 17 U.S.C. § 107(3) (alteration added). Here, the entire photo was used as a background image, not just a portion of it. (*See* Compl. ¶ 16). It would not have been feasible to use only a portion as background. Where it is necessary to copy an entire image

4

CASE NO. 22-22344-CIV-ALTONAGA/Torres

because using a fraction of it would be unfeasible, courts find that the third factor does not weigh strongly in either direction. *See Bill Graham Archives v. Dorling Kindersley Ltd.*, 448 F.3d 605, 613 (2d Cir. 2006) ("At the same time, however, courts have concluded that such copying does not necessarily weigh against fair use because copying the entirety of a work is sometimes necessary to make a fair use of the image." (citations omitted)). So, too, here.

The final factor concerns "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(4). Plaintiff's use of the photo did not have a strong effect because it was removed from the website "immediately" once Plaintiff received notice. (Compl. ¶ 18). Defendant has made no showing of diminished value of the photo due to Plaintiff's use, and the Court cannot identify any evidence that the value of the photo is diminished. Accordingly, this factor weighs in favor of fair use.

Taken together, the four section 107 factors militate in Plaintiff's favor, and Plaintiff is thus entitled to entry of a default judgment. The Court concludes that Plaintiff's use of the photo was legal under 17 U.S.C. section 107 and that Plaintiff is not liable to Defendant for damages. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Renewed Motion for Entry of Default Final Judgment Against Joni Niemela [ECF No. 18] is **GRANTED**.

2. Declaratory Judgment is entered in this matter to declare that pursuant to the Berne Convention and U.S. Copyright law, Plaintiff is not required to pay monetary damages to Defendant and had "fair use" of the photo.

3. Monetary damages will not be awarded.

CASE NO. 22-22344-CIV-ALTONAGA/Torres

**DONE AND ORDERED** in Miami, Florida, this 1st day of December, 2022.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:   counsel of record